Case 1:23-cr-20265-KMW Document 1 Entered on FLSD Docket

FILED BY___mdc___D.C.
Jun 22, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami, FL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### 23-20265-CR-WILLIAMS/REID

Case No._____

18 U.S.C. § 1349
18 U.S.C. § 982

UNITED STATES OF AMERICA

vs.

VICTOR SAMPEDRO,

       **Defendant.**

_____/

### INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Paycheck Protection Program

1. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

2. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP

loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to certify, among other things, "that . . . the Applicant [is not] … presently incarcerated or, for any felony, presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction."

3. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

4. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### The Defendant, Related Entities, and Individuals

5. Lender 1 was a private company based in Phoenix, Arizona, that was an approved SBA lender of PPP loans.

6. Bank 2 was a financial institution based in Cherry Hill, New Jersey.

7. Co-Conspirator 1 was a resident of Miami-Dade County.

8. Defendant **VICTOR SAMPEDRO** was a resident of Miami-Dade County.

**Conspiracy to Commit Wire Fraud**
**(18 U.S.C. § 1349)**

1. The General Allegations section of this Information is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around January 2021, and continuing through in or around at least August 2021, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**VICTOR SAMPEDRO,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with Co-Conspirator 1 and others, known and unknown to the United States Attorney, to knowingly, and with the intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

**PURPOSE OF THE CONSPIRACY**

3. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of a false and fraudulent application for a PPP loan and grant made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic; (b) offering, paying, and receiving kickbacks in return for facilitating the submission of a false and fraudulent PPP loan application; and (c) diverting fraud proceeds for their own personal use, the use and benefit of

others, and to further the conspiracy.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.     **VICTOR SAMPEDRO** provided Co-Conspirator 1 with his personal information and documents, including his driver's license, bank account information, email address and password, and prior tax return.

5.     **VICTOR SAMPEDRO** directed Co-Conspirator 1 to use that information to prepare a fraudulent PPP loan application on behalf of **SAMPEDRO**, which falsely represented that **SAMPEDRO** was not "presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction."

6.     In reality, **VICTOR SAMPEDRO** had executed plea documents in or around March 2021 in connection with his participation in a conspiracy to distribute oxycodone, and, on or about May 3, 2021, **SAMPEDRO** was charged by information with a felony violation of Title 21, United States Code, Section 846 for his participation in the conspiracy to distribute oxycodone.

7.     On or about May 18, 2021, **VICTOR SAMPEDRO** and Co-Conspirator 1 submitted and caused to be submitted, via interstate wire, a fraudulent PPP loan application that contained, among other false material representations, the materially false representation that **SAMPEDRO** was not "presently subject to an indictment, criminal information, arraignment, or other means by which formal criminal charges are brought in any jurisdiction."

8.     As a result of the false and fraudulent PPP loan application submitted as part of this conspiracy, Lender 1 disbursed approximately $20,832 to **VICTOR SAMPEDRO**'s personal checking account at Bank 2 ending in 3294.

9. **VICTOR SAMPEDRO** paid Co-Conspirator 1 kickbacks totaling approximately $4,000 in exchange for facilitating the fraudulent PPP loan.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982)

1. The allegations contained in this Information are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **VICTOR SAMPEDRO,** has an interest.

2. Upon conviction of a conspiracy to violate Title 18, United States Code, Section 1343, as alleged in this Information, the defendant shall forfeit to the United States any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense, pursuant to Title 18, United States Code, Section 982(a)(2)(A).

3. The property subject to forfeiture includes, but is not limited to, a sum of approximately $20,832 in United States currency, which represents the gross proceeds of the offense in the violation of Title 18, United States Code, Section 1349 alleged in this Information and which may be sought as a forfeiture money judgment.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

5

All pursuant to Title 18, United States Code, Section 982(a)(2)(A), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

GLENN S. LEON, CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
ALEXANDER THOR POGOZELSKI
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: _____

v.

VICTOR SAMPEDRO,

_____/
Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   ☒ 0 to 5 days
   II  ☐ 6 to 10 days
   III ☐ 11 to 20 days
   IV  ☐ 21 to 60 days
   V   ☐ 61 days and over

   (Check only one)
   ☐ Petty
   ☐ Minor
   ☐ Misdemeanor
   ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Martinez   Case No. 21-CR-20265
9. Defendant(s) in federal custody as of 1/21/2022
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
ALEXANDER THOR POGOZELSKI
DOJ Trial Attorney
Court ID No.   A5502549

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**     VICTOR SAMPEDRO

**Case No:** _____

Count #:    1

    Title 18, United States Code, Section 1349

    Conspiracy to Commit Wire Fraud
* Max. Term of Imprisonment:     20 years
* Mandatory Min. Term of Imprisonment (if applicable):    N/A
* Max. Supervised Release:     3 years
* Max. Fine:    $250,000 or twice the gross gain or loss from the offense

*Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.